NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011[*]
Decided December 19, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2182

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10CR40037-001-JPG |
| ANTONIO L. FLOWERS, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Antonio Flowers pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing with the intent to distribute crack cocaine, *id.* At sentencing, the district court found Flowers accountable for 277.6 grams of crack as relevant conduct. The court sentenced him to 96 months' imprisonment, the middle of his guidelines range. Flowers filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Flowers

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

did not accept our invitation to address counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues that counsel identified in her facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

First counsel considers whether the district court erred in attributing to Flowers 277.6 grams of crack as relevant conduct. The court included as relevant conduct sales between May 2010 and July 2010 from the apartment of his girlfriend, Ona Freeman; it was from her apartment that Flowers sold crack to a government informant and instigated the charges. Over Flowers' objection, the court also included sales between May 2008 and May 2010 from the apartment of a previous girlfriend, Carla Dooley. Flowers argued to the district court that the earlier transactions with Dooley should not count as relevant conduct because they were not part of the same course of conduct or common scheme as those carried out with Freeman.

We agree with counsel that a challenge to the relevant-conduct finding would be frivolous. Any conduct is relevant as long as it constitutes part of the "same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see United States v. Stephenson*, 557 F.3d 449, 456 (7th Cir. 2009). The record reflects that all the transactions stemmed from the same course of conduct in that the offenses were similar (crack sales), regular (each customer bought at consistent intervals), and close together temporally (there was no break in the sales between the time Flowers stopped selling from Dooley's apartment and started selling from Freeman's). *See* U.S.S.G. § 1B1.3 cmt. n.9(B); *United States v. Barnhart*, 599 F.3d 737, 748 (7th Cir. 2010). The record also shows that the transactions were part of a common scheme because they shared accomplices (suppliers), a purpose (make money off crack), and a modus operandi (Flowers bought crack with his uncles and sold it out of his girlfriends' apartments). *See* U.S.S.G. § 1B1.3 cmt. n.9(A); *United States v. Wilson*, 502 F.3d 718, 723–24 (7th Cir. 2007). Based on this record, we would not conclude that the court's relevant-conduct finding was clearly erroneous.

Counsel next considers whether Flowers could challenge the two-level enhancement for possessing a gun during the commission of the offense, *see* U.S.S.G. § 2D1.1(b)(1) (Supp. Nov. 1, 2010). The enhancement applies if the government establishes that the defendant possessed a gun while committing the offense or relevant conduct, unless it is clearly improbable that the gun was connected with the offense. *See United States v. Martin*, 618 F.3d 705, 737–38 (7th Cir. 2010); *United States v. Rea*, 621 F.3d 595, 606 (7th Cir. 2010). Flowers admitted in a post-arrest interview that he traded crack for a gun, and Dooley reported that Flowers slept with one at his pillow every night; Flowers presented nothing to suggest that the connection was clearly improbable. Any challenge to the enhancement would therefore be frivolous.

Counsel next considers whether Flowers might argue that his 96-month sentence is unreasonable but aptly rejects such an argument as frivolous. Flowers's within-guidelines sentence is presumptively reasonable, *see Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla,* 602 F.3d 802, 810 (7th Cir. 2010), and counsel identifies no reason to disturb that presumption. The district court here adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting Flowers's lack of motivation to find an honest job, *see United States v. Omole,* 523 F.3d 691, 698 (7th Cir. 2008), as well his relentless dealing of drugs even after his uncle was fatally shot by Dooley. The court also reasonably found that these considerations outweighed Flowers's argument in mitigation that he should have been given the 60-month mandatory minimum sentence to lessen the disparity between sentences for both crack and powder cocaine offenses.

Finally counsel correctly notes that any claim of ineffective assistance of counsel would more properly be presented on collateral review, where the record could be more fully developed. *See Massaro v. United States,* 538 U.S. 500, 504–05 (2003); *United States v. Harris,* 394 F.3d 543, 557–58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS the appeal.